UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| SHONTERRA HOYE | * | CIVIL ACTION No. |
| | * | 3:20-cv-615-CWR-FKB |
| | * | |
| | * | JUDGE CARLTON W. REEVES |
| VERSUS | * | |
| | * | |
| LOFTON SECURITY SERVICE, INC. | * | MAGISTRATE JUDGE F. KEITH BALL |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**LOFTON SECURITY SERVICE, INC.
DEFENSES AND ANSWER TO COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Lofton Security Service, Inc. ("Defendant"), who, in response to the allegations of Plaintiff's Complaint ("Complaint") and subject to all defenses asserted herein and with full reservation of all rights, defenses, objections, exceptions and claims and with the reservation of the right to supplement this pleading to assert additional defenses, states as follows:

**I. DEFENSES**

**First Defense**

Defendant is not liable or responsible for the claims asserted by the Plaintiff or for any of the items of relief asserted by Plaintiff.

**Second Defense**

To the extent Plaintiff is asserting any claims in this lawsuit or is making any allegations which were not properly raised or submitted in any applicable administrative proceedings, Defendant asserts the defense of prematurity, as well as the defense of failure to exhaust administrative remedies.

**Third Defense**

To the extent that the Plaintiff seeks any relief beyond the applicable statute of

limitations or prescriptive period, said claims are barred on the basis of statute of limitations or prescription. Moreover, to the extent that Plaintiff asserts claims and makes allegations of alleged conduct occurring more than 180 days or, alternatively, more than 300 days prior to the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission, such claims are barred by applicable statute of limitations or prescriptive periods and Plaintiff has failed to exhaust administrative remedies. Moreover, Plaintiff has failed to state a claim upon which relief may be granted as a matter of law and Defendant further asserts the affirmative defenses of estoppel and waiver.

**Fourth Defense**

Defendant asserts the defense of Plaintiff's failure to state a claim upon which relief can be granted, in whole or in part, against Defendant based, in whole or in part, on the Plaintiffs allegations or, alternatively, the lack of allegations by Plaintiff in his Complaint and as a matter of law.

**Fifth Defense**

To the extent Plaintiff is asserting any relief pursuant to any statutory provision that provides for limitation of damages or caps on damages, Defendant asserts, as an alternative defense and subject to his denial of liability, such damages and relief limitations and/or any such caps.

**Sixth Defense**

To the extent that Plaintiff is asserting any claim for punitive damages, Defendant asserts that Plaintiff has failed to state a claim upon which relief may be granted. In this regard, Defendant cannot be held liable, as a matter of law, for any claims for punitive damages. Moreover, the facts as alleged by Plaintiff against the Defendant fail to state a cognizable claim for relief for punitive damages and there is no basis for an award of punitive damages against

the Defendant as alleged, as asserted, as may be alleged or as may be asserted by Plaintiff and as a matter of law. Moreover, any and all actions taken by Defendant, if any, were at all times in good faith and the applicable legal standards and elements have not been established and Plaintiff has failed to plead any sufficient facts and cannot plead sufficient facts to establish a cognizable claim for relief. Moreover, any assertion or imposition of punitive damages would be violative of any and all rights of the Defendant under the facts as alleged as a matter of law (federal, state and constitutional) and Defendant hereby asserts and invokes their rights and protections, including applicable protections under the United States Constitution and the Amendments thereof, as well as the Constitution and laws of the State of Louisiana.

### Seventh Defense

Defendant asserts all statutory defenses and burdens of proof requirements for any and all claims asserted by Plaintiff against Defendant. Defendant incorporates herein by reference as if copied *in extensio* any and all said statutory defenses, as well as all legal elements and burdens of proof requirements.

### Eighth Defense

Defendant exercised reasonable care to prevent a hostile environment based on sex and correct promptly any discriminatory or harassing behavior (including having in place a clear and well-disseminated policy against discrimination, harassment, and retaliation, and a reasonable and available procedure for promptly and effectively handling such complaints). Plaintiff unreasonably failed to take advantage of these preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. See *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

### Ninth Defense

To the extent Plaintiff attempts to state claims for unlawful harassment, the alleged harassment did not culminate in a "tangible employment action."

### Tenth Defense

To the extent Plaintiff attempts to state claims for unlawful harassment, Defendants exercised reasonable care to prevent and correct promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of the protective and/or corrective opportunities to avoid harm otherwise.

### Eleventh Defense

To the extent Plaintiff attempts to state claims for unlawful harassment, Defendants are not liable for such harassment since it and/or they did not know nor should have known that any other employee was engaged in unlawful harassment.

### Twelfth Defense

To the extent Plaintiff attempts to state claims for unlawful harassment, the allegations do not demonstrate conduct that is so severe or pervasive so as to create an objectively and subjectively abusive work environment that interferes with the terms, privileges, and/or conditions of employment.

### Thirteenth Defense

Plaintiff did not engage in any protected activity.

### Fourteenth Defense

Plaintiff cannot establish that a causal connection exists between any alleged protected activity and any adverse employment action taken by any Defendant.

### Fifteenth Defense

Defendant has in place a clear, effective, and well-disseminated policy against

discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Plaintiff's claims are barred because (1) Defendant took reasonable steps to prevent and correct workplace discrimination; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (3) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

### Sixteenth Defense

Although Defendant denies that Plaintiff was exposed to a hostile work environment, Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

### Seventeenth Defense

To the extent Plaintiff complained adequately of allegedly unlawful harassing, discriminatory, or retaliatory actions, Defendant undertook a prompt investigation and made an appropriate remedial response.

### Eighteenth Defense

Plaintiff has failed to mitigate any damages he may have suffered as a result of Defendant's alleged actions, and alternatively, any damages suffered by Plaintiff should be reduced by whatever income or economic benefits he has earned after he was no longer employed by Defendant.

### Nineteenth Defense

Plaintiff's damages, if any, are subject to the collateral source rule and such damages should be reduced by any amount Plaintiff obtained through such other sources.

**Twentieth Defense**

Any claim for punitive damages must fail because neither Defendant nor its officers, directors or managing agents acted with malice or with reckless indifference to Plaintiff's rights.

**Twenty-First Defense**

Defendant asserts that it is entitled to recover all attorney's fees, costs and expenses incurred in defense of this action pursuant to applicable law.

**Twenty-Second Defense**

Plaintiff cannot demonstrate that but for any alleged complaint of discrimination, she would not have suffered a materially adverse action.

**ANSWER**

AND NOW, subject to the above objections, exceptions and defenses, and with full reservation and assertion thereof and without any waiver thereof, Defendant further responds to the Plaintiffs Complaint as follows:

1.

Defendant admits that Plaintiff is female, and Defendant denies the remaining allegations of paragraph 1 of the Complaint.

2.

Defendant admits the allegations of paragraph 2 of the Complaint.

3.

Paragraph 3 of the Complaint does not require an answer by Defendant.

4.

Defendant denies the allegations of paragraph 4 of the Complaint, as the referenced document is the best evidence of its contents.

5.

Defendant admits that Plaintiff is female, and Defendant denies the remaining allegations of paragraph 5 of the Complaint.

6.

Defendant admits the allegations of paragraph 6 of the Complaint.

7.

Defendant denies the allegations of paragraph 7 of the Complaint.

8.

Defendant denies the allegations of paragraph 8 of the Complaint.

9.

Defendant admits that Plaintiff engaged in a consensual relationship with Mr. Cooper. Defendant denies responsibility or liability for the relationship described by Plaintiff, and accordingly, Defendant denies the allegations of paragraph 9 of the Complaint.

10.

Defendant denies responsibility or liability for the relationship described by Plaintiff, and accordingly, Defendant denies the allegations of paragraph 10 of the Complaint.

11.

Defendant denies responsibility or liability for the relationship described by Plaintiff, and accordingly, Defendant denies the allegations of paragraph 11 of the Complaint.

12.

Defendant denies responsibility or liability for the relationship described by Plaintiff, and accordingly, Defendant denies the allegations of paragraph 12 of the Complaint.

13.

Defendant denies the allegations of paragraph 13 of the Complaint.

14.

Defendant denies the allegations of paragraph 14 of the Complaint.

15.

Defendant denies the allegations of paragraph 15 of the Complaint.

16..

Defendant admits that Plaintiff made a complaint to Alton Brown, but Defendant denies the remaining allegations of paragraph 16 of the Complaint.

17.

Defendant admits that Mr. Brown made a report to Defendant, but Defendant denies the remaining allegations of paragraph 17 of the Complaint.

18.

Defendant denies the allegations of paragraph 18 of the Complaint.

19.

Defendant denies the allegations of paragraph 19 of the Complaint.

20.

Defendant denies the allegations of paragraph 20 of the Complaint.

21.

Defendant denies the allegations of paragraph 21 of the Complaint.

22.

Defendant denies the allegations of paragraph 22 of the Complaint.

23.

Defendant denies the allegations of paragraph 23 of the Complaint for lack of information to justify a belief therein.

24.

The alleged document is the best evidence of its contents, and accordingly, Defendant denies the allegations of paragraph 24 of the Complaint.

25.

Defendant denies the allegations of paragraph 25 of the Complaint.

26.

Defendant denies the allegations of paragraph 26 of the Complaint.

27.

The alleged document is the best evidence of its contents, and accordingly, Defendant denies the allegations of paragraph 27 of the Complaint.

28.

Defendant denies the allegations of paragraph 28 of the Complaint for lack of information to justify a belief therein.

29.

Defendant denies the allegations of paragraph 29 of the Complaint.

30.

Defendant denies the allegations of paragraph 30 of the Complaint, as stated.

31.

Defendant denies the allegations of paragraph 31 of the Complaint, as stated.

32.

Defendant denies the allegations of paragraph 32 of the Complaint.

33.

Defendant denies the allegations of paragraph 33 of the Complaint.

34.

Defendant denies the allegations of paragraph 34 of the Complaint.

35.

Defendant admits the allegations of paragraph 35 of the Complaint.

36.

Defendant denies the allegations of paragraph 36 of the Complaint.

37.

Defendant denies the allegations of paragraph 37 of the Complaint.

38.

Defendant denies the allegations of paragraph 38 of the Complaint.

39.

Defendant denies the allegations of paragraph 39 of the Complaint.

40.

Defendant denies the allegations of paragraph 40 of the Complaint as stated.

41.

Defendant denies the allegations of paragraph 41 of the Complaint.

42.

Defendant admits that it was conducting an investigation, but Defendant denies remaining the allegations of paragraph 42 of the Complaint.

43.

Defendant denies the allegations of paragraph 43 of the Complaint.

44.

Defendant denies the allegations of paragraph 44 of the Complaint.

45.

Defendant denies the allegations of paragraph 45 of the Complaint.

46.

Defendant denies the allegations of Paragraph 46 of the Complaint.

47.

Defendant denies the allegations of Paragraph 47 of the Complaint.

48.

Defendant denies the allegations of paragraph 48 of the Complaint, as stated.

49.

Defendant denies the allegations of paragraph 49 of the Complaint.

50.

Defendant denies the allegations of paragraph 50 of the Complaint.

51.

Defendant denies the allegations of paragraph 51 of the Complaint, as stated.

52.

Defendant denies the allegations of paragraph 52 of the Complaint, as stated.

53.

Defendant denies the allegations of paragraph 53 of the Complaint.

54.

Defendant denies the allegations of paragraph 54 of the Complaint.

55.

Defendant denies the allegations of paragraph 55 of the Complaint.

56.

Defendant denies the allegations of paragraph 56 of the Complaint.

57.

Defendant denies the allegations of paragraph 57 of the Complaint.

58.

Defendant denies the allegations of paragraph 58 of the Complaint.

59.

Defendant denies the allegations of paragraph 59 of the Complaint.

60.

Defendant denies the allegations of paragraph 60 of the Complaint.

61.

Defendant denies the allegations of Paragraph 61 of the Complaint.

(Second Paragraph Numbered) 61.

Defendant denies the allegations of (the second paragraph numbered) Paragraph 61 of the Complaint.

62.

Paragraph 62 of the Complaint does not require a response, but to the extent a response is required, Defendant incorporates by reference all of its responses to the foregoing

allegations.

63.

Paragraph 63 of the Complaint makes legal assertions, and no response is required.

64.

Defendant denies the allegations of paragraph 64 of the Complaint.

65.

Defendant denies the allegations of paragraph 65 of the Complaint.

66.

Defendant denies the allegations of paragraph 66 of the Complaint.

67.

Paragraph 67 of the Complaint does not require a response, but to the extent a response is required, Defendant incorporates by reference all of its responses to the foregoing allegations.

68.

Defendant denies the allegations of paragraph 68 of the Complaint.

69.

Defendant denies the allegations of paragraph 69 of the Complaint.

70.

Defendant denies the allegations of paragraph 70 of the Complaint.

71.

Defendant denies the allegations of paragraph 71 of the Complaint.

72.

Defendant denies the allegations of paragraph 72 of the Complaint.

73.

To the extent that any of the allegations of the Plaintiff's Complaint have not been answered herein, said allegations are denied. In addition, Defendant denies that it is liable for any of the relief contained in the Plaintiff's prayer for relief and denies any allegations contained in the introduction and prayer for relief. No response is required to Plaintiff's request for a jury trial.

WHEREFORE, premises considered, prays that this Defenses and Answer pleading be deemed good and sufficient and that, after due proceedings, lawsuit and all claims asserted by his against him be dismissed with prejudice at his cost. Defendant reserves the right to seek an award of attorney's fees, costs and expenses pursuant to applicable law.

Respectfully submitted,

*/s/ Hal D. Ungar*
Hal D. Ungar, MS Bar 102743
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: 504.648.3840
Facsimile: 504.648.3859
hal.ungar@ogletreedeakins.com
*Attorneys for Lofton Security Service, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defenses and Answer to Complaint has been served on all counsel of record via the Court's Electronic Filing System.

This 25th day of September, 2020.

*/s/ Hal D. Ungar*
HAL D. UNGAR

44360396.1