UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF MISSISSIPPI

JACKSON DIVISION

SHONETERRA HOYE

    Plaintiff,

VERSUS

LOFTON SECURITY SERVICE, INC.;

   Defendant.

)
)
)
)
)
)
)
)
)

CIVIL ACTION No.
3:20-cv-615-CWR FKB

JUDGE CARLTON W. REEVES

MAGISTRATE JUDGE F. KEITH BALL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INDEX OF STATE COURT FILINGS

NOW COMES, Defendant, Lofton Security Service, Inc. (hereafter "Lofton" or

"Defendant"), and pursuant to the L.U. Civ.R. 5(b), herby files entire state court record as a

single filing, containing the following:

Document # 2  Plaintiff's Complaint Jury Trial Demand

Document # 3  Plaintiff's Notice to Defendant

Document # 4  Notice of Appearance

Document # 5  Plaintiff's Summons -- Lofton Security Service, Inc., Registered
          Agent Perry Earnest

Document # 6  Defendant Notice to the Court and all Parties of Removal

Respectfully submitted,

/s/ Hal D. Ungar
Hal D. Ungar, MS Bar No. 102743
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
New Orleans, LA  504.648.3840
Telephone:  504-648-3840
Facsimile:  504.648.3859
hal.ungar@ogletreedeakins.com


Attorneys for Lofton Security Service,
Inc.


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Index of State Court Filings has been served

on all counsel of record via the Court's Electronic Filing System.

Louis H. Watson, Jr.
Nick Norris
WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: 601-968-0000
Facsimile: 601-968-0010
Email: louis@watsonnorris.com
       nick@watsonnorris.com
       Attorneys for Plaintiff, Alton Brown


This _____ day of _____, _____.


/s/ Hal D. Ungar
Hal D. Ungar

44360396.1

### IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

SHONTERRA HOYE                                                      **PLAINTIFF**

**V.**                                                  CASE NO.: 20-451

LOFTON SECURITY SERVICE, INC.                              **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Shonterra Hoye, by and through her counsel, Watson

& Norris, PLLC, and files this action to recover damages for a violation of her rights under

Title VII for sex discrimination and retaliation. In support of this cause, the Plaintiff would

show unto the Court the following facts to-wit:

### PARTIES

1.      Plaintiff, Shonterra Hoye, is an adult female citizen of Washington County,

Mississippi.

2.      Defendant, Lofton Security Service, Inc., is a Louisiana Corporation doing

business in the State of Mississippi that may be served with process by serving its

registered agent: Perry Earnest, 6508 Dogwood View Pkwy, Suite B, Jackson, MS 39213.

### JURISDICTION AND VENUE

3.      This court has concurrent subject matter jurisdiction for a cause of action

arising under Title VII of the Civil Rights Act of 1964, and venue is proper in this Court

under the general venue provisions of Title VII.

4.      Plaintiff timely filed a Charge of Discrimination with the EEOC on October

30, 2019, a true and correct copy of which is attached as Exhibit "A." The EEOC issued

a Notice of Right to Sue on May 12, 2020, a true and correct copy of which is attached

1

as Exhibit "B."  Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF THE FACTS

5.     Plaintiff is a 31-year old female resident of Washington County, Mississippi.

6.     Plaintiff was hired by the Defendant as a Security Officer on April 30, 2019.

7.     In July 2019, Plaintiff's Supervisor, Willie Cooper, began sexually harassing her.

8.     Mr. Cooper offered Plaintiff money to help pay her bills if she would have sex with him.

9.     At the end of July 2019, Plaintiff relented to his sexual advances because he was her Supervisor, had direct control over the terms and conditions of her employment, and engaged in a consensual relationship with Mr. Cooper.

10.     Plaintiff felt pressured to participate with the relationship because Cooper was her Supervisor, and she worried that if she did not go along with it, she would lose her job.

11.     Eventually, though, Plaintiff, decided she could not continue it anymore.

12.     In the beginning of August 2019, Plaintiff broke off her relationship with Mr. Cooper.

13.     Mr. Cooper began to retaliate against Plaintiff by making verbal threats and by cutting her hours (i.e., Cooper managed Hoye's work schedule).

14.     Mr. Cooper immediately began calling Plaintiff and leaving angry messages when she would not respond to his calls.

15.   Mr. Cooper often cursed and expressed angry threatening statements in these messages.

16.   Plaintiff complained of the ongoing sexual harassment to Alton Brown, Mr. Cooper's Supervisor.

17.   Mr. Brown reported the situation to Branch Manager Derick Weeks and Operations Manager Matt Bailey.

18.   At that point, Mr. Weeks responded to Mr. Brown that they should do nothing about it and "maybe Hoye will quit."

19.   Brown protested that this was not the appropriate way to handle the situation, but his superiors refused to address it.

20.   Around the second week of August 2019, Mr. Cooper called Plaintiff's aunt, Ms. Wanda Jackson, and threatened to call the Department of Human Services and have Plaintiff's children taken from her if she did not respond to his calls.

21.   Plaintiff continued to inform Mr. Brown about these actions and Mr. Brown informed Mr. Weeks and Mr. Bailey, yet they continued to simply tell Mr. Brown to "let her quit."

22.   Then around August 17, 2019, Plaintiff contacted Mr. Brown and complained to him that Mr. Cooper would not stop sexually harassing her and that he was still cutting her work hours.

23.   Mr. Brown stated told Plaintiff that if she wanted something to be done about the situation, she needed to write a statement and turn it in to management.

24.   Plaintiff agreed to write a statement and she subsequently submitted an Incident Report about Mr. Cooper on August 18, 2019 to the Defendant's Jackson office.

3

25.    After Plaintiff wrote the statement, Mr. Weeks and Mr. Bailey began discussing the possibility of terminating Mr. Cooper.

26.    Conversations about this were overheard by both Mr. Brown and Secretary/Recruiter, Felicia Douglas.

27.    According to the Defendant's Position Statement, submitted to the EEOC months later (i.e., 11-20-19), Mr. Weeks and Mr. Bailey subsequently presented a Final Written Report on August 23, 2019.

28.    Plaintiff, nor Mr. Brown, were ever shown or even aware of the existence of this Final Written Report, allegedly presented by Mr. Weeks and Mr. Bailey to Mr. Cooper on August 23, 2019.

29.    Given the fact that Mr. Brown was Mr. Cooper's Supervisor, as well as the fact that between July and September, Mr. Brown repeatedly addressed the issue of Plaintiff's sexual harassment complaint against Mr. Cooper with Mr. Weeks and Mr. Bailey, the question of whether this report was ever actually presented to Mr. Cooper appears very dubious and suspicious.

30.    In any event, whether this document was presented to Mr. Cooper or not, around that time Mr. Weeks and Mr. Bailey prohibited Mr. Cooper from going to Plaintiff's worksite or having any contact with Plaintiff from that point forward.

31.    On September 14, 2019, Mr. Brown, Mr. Cooper, Mr. Bailey, and Mr. Weeks were all at the Defendant's Jackson office.

32.    Mr. Bailey informed Mr. Brown that they were about to terminate Mr. Cooper and invited Mr. Brown to come to the meeting.

33.    Mr. Brown went into the room and sat down.

4

34.    Before anyone else could speak, Mr. Cooper stated, "Are you all about to terminate me?"

35.    However, Mr. Weeks and Mr. Bailey did not terminate Cooper.

36.    Instead, they began to explain that Mr. Cooper needed to "brush up" on some things, none of which had anything to do with the sexual harassment complaint.

37.    The next day, September 15, 2019, Mr. Cooper told Mr. Brown that he was going to Baton Rouge to speak with Corporate Director of Security Services, John Jay Babin.

38.    Mr. Cooper further implied to Mr. Brown that he would prevent Mr. Weeks and Mr. Bailey from terminating him by "flipping the script" on them, i.e., apparently he planned to provide some information to Mr. Babin about Mr. Weeks and Mr. Bailey that secured his own position and gave him leverage over them.

39.    Around the middle of September 2019, Mr. Weeks contacted Plaintiff to discuss her complaint of sexual harassment.

40.    Although Mr. Brown had relayed Plaintiff's complaint first on July 20, 2019, Plaintiff's written statement was provided on August 18, 2019, and Mr. Cooper was allegedly written up on August 23, 2019.

41.    This was the first time Mr. Weeks had directly contacted Plaintiff about the situation.

42.    At that time, Mr. Weeks told Plaintiff that the corporate office was investigating the situation and that she would be contacted about it soon.

43.    However, Plaintiff never heard anything more about an investigation.

44.    Around that same time, Mr. Weeks and Mr. Bailey informed Mr. Brown that

it was his responsibility to keep Mr. Cooper and Plaintiff separated.

45.    Mr. Brown protested but then determined to handle the situation as best he could.

46.    Around September 25, 2019, Plaintiff phoned Mr. Brown and notified him that Mr. Cooper had shown up at her job site (i.e., a direct violation of the prohibition given to Mr. Cooper by Mr. Weeks and Mr. Bailey).

47.    Plaintiff was working at a Double-Quick Mart in Greenville (i.e., with a Krystal restaurant in it).

48.    Mr. Brown happened to be nearby when Plaintiff called, and he arrived in time to see Mr. Cooper with Plaintiff.

49.    Plaintiff stated that Mr. Cooper was trying to get her to take a picture with him.

50.    Mr. Brown confronted Mr. Cooper about his presence there.

51.    Mr. Cooper was defiant and even became somewhat aggressive in response to Mr. Brown's confrontation.

52.    The very next day, back at the Defendant's office in Jackson, Mr. Brown informed Mr. Weeks and Mr. Bailey about Mr. Cooper's presence at Plaintiff's worksite.

53.    Mr. Weeks and Mr. Bailey told Mr. Brown to "leave it alone."

54.    Several days later, Krystal's Manager at the Double-Quick Mart in Greenville, called Mr. Brown to inform him that Mr. Cooper had been calling her in recent days, asking questions about Plaintiff.

55.    Mr. Cooper questioned if Plaintiff was reporting to work on time as though he was trying to get her in trouble.

56.     Although Mr. Cooper had functioned as Plaintiff's supervisor at times in the past, by this point Mr. Weeks and Mr. Bailey had made it clear to Mr. Cooper that he was not to have any contact with Plaintiff, so this was clearly not appropriate behavior and a clear violation of their directive to him.

57.     Moreover, it demonstrates that Mr. Cooper was looking for ways to retaliate against Plaintiff.

58.     Also, at some point in late September, Mr. Cooper was at the Defendant's Jackson office along with Mr. Brown and Ms. Douglas.

59.     Mr. Cooper wrote out three false callout forms for Plaintiff, with the intention of terminating her.

60.     Ms. Douglas stopped Mr. Cooper, however, and noted that he could not do this because Plaintiff was not even scheduled to work on those days.

61.     Both Mr. Brown and Ms. Douglas witnessed this overt effort by Mr. Cooper to falsify documentation for the purpose of terminating Plaintiff, i.e., retaliation for her report of sexual harassment against him.

61.     Mr. Brown reported this to Mr. Weeks and Mr. Bailey, once again, Mr. Weeks and Mr. Bailey told Mr. Brown to leave it alone and to "let Hoye quit."

**CAUSES OF ACTION**

**COUNT I:  VIOLATION OF TITLE VII –SEXUAL HARASSMENT – QUID PRO QUO AND/OR SEXUALLY HOSTILE WORK ENVIRONMENT**

62.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 61 above as if fully incorporated herein.

63.    The Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff based on her sex, female, by refusing to take any disciplinary actions to correct Mr. Cooper's behavior towards Plaintiff and allowing Cooper to sexually harass Plaintiff and create a sexually hostile work environment for Plaintiff.

64.    The Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff based on her sex, female, for allowing Mr. Cooper to cut Plaintiff's hours from 40 hours a week to removing her from the schedule all together.

65.    The Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff based on her sex, female, by allowing Mr. Cooper to threaten Plaintiff verbally and stalk Plaintiff at her job at the Double Quick Mart in Greenville, Mississippi.

66.    As a result of Defendant's discriminatory conduct, Plaintiff has suffered serious damages, including mental anguish and other emotional pain and suffering, and general and special damages for lost compensation and job benefits.

### COUNT II: VIOLATION OF TITLE VII - RETALIATION

67.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 66 above as if fully incorporated herein.

68.    The Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 for engaging in protected activity by submitting a written complaint against Mr. Cooper for sexual harassment.

69.    The Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 by removing Plaintiff from the work schedule for engaging in protected activity by submitting a written complaint against Mr. Cooper for sexual harassment

8

70.    The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964 and entitle Plaintiff to the recovery of damages.

71.    As a result of Defendant's retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, and inconvenience and mental anguish.

72.    As a result of Defendant's discriminatory conduct, Plaintiff has suffered serious damages, including mental anguish and other emotional pain and suffering, and general and special damages for lost compensation and job benefits.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay and reinstatement or front pay in lieu of reinstatement;
2. Tax gross-up with all make-whole relief;
3. Compensatory damages;
4. Punitive damages;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Attorney's fees;
8. Costs and expenses; and
9. Any other relief to which she may be properly entitled.

THIS the 22nd day of July 2020.

Respectfully submitted,

SHONTERRA HOYE, PLAINTIFF

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
          nick@watsonnorris.com

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 423-2020-00131 |

| null | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MS. SHONTERRIA S HOYE | (662) 873-1607 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 113 PHILLIP STREET,  METCALFE, MS 38760 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| LOFTON SECURITY SERVICES | 201 - 500 | (769) 243-8435 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6508 DOGWOOD VIEW PARKWAY B,  JACKSON,  MS 39213 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION ☐ OTHER (Specify) | Earliest 07-01-2019   Latest 09-28-2019 ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I HAVE WORKED FOR THE RESPONDENT AS A SECURITY OFFICER SINCE APRIL 30, 2019. IN JULY 2019, WILLIE COOPER (SUPERVISOR) BEGAN SEXUALLY HARASSING ME WHILE MAKING COMMENTS AND OFFERING MONEY TO HELP PAY MY PERSONAL BILLS. LATER IN JULY 2019, I ENGAGED IN A CONSENSUAL RELATIONSHIP WITH COOPER AND WHEN I DISCONTINUED THE RELATIONSHIP IN AUGUST 2019, HE BEGAN MAKING VERBAL THREATS AND REDUCED MY WORK HOURS IN THE FOLLOWING MANNER: FROM 40 HOURS PER WEEK TO 28 HOURS PER WEEK TO 14 HOURS PER WEEK AND REMOVED FROM THE SCHEDULE ON SEPTEMBER 28, 2019. LATER IN AUGUST 2019, I BEGAN COMPLAINING OF SEXUAL HARASSMENT TO ALTON BROWN (SUPERVISOR). MR. BROWN INFORMED ME THAT HE HAD FORWARDED MY COMPLAINT TO DERICK WEEKS (BRANCH MANAGER) AND MATT BAILEY (OPERATIONS MANAGER). TO MY KNOWLEDGE, NO ACTION WAS TAKEN BY WEEKS AND BAILEY. I BELIEVE I WAS SEXUALLY HARASSED AND REMOVED FROM THE SCHEDULE BECAUSE I REBUFFED HIS SEXUAL ADVANCES.

IN JULY 2019, COOPER BEGAN SEXUALLY HARASSING ME BY ASKING ME IF I HAD A BOYFRIEND AND IF I WOULD HAVE SEX WITH HIM. WHEN COOPER TOLD ME HE WOULD TAKE CARE OF ME AND BEGAN GIVING

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Shonterria Hoye on 10-30-2019 10:01 AM EDT | SUBSCRIBED AND SWORN TO BEFORE ME TH... (month, day, year) |

EXHIBIT
A

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 423-2020-00131 |

| null | and EEOC |
|---|---|
| State or local Agency, if any | |

ME MONEY TO PAY MY PERSONAL BILLS. I ENGAGED IN A CONSENSUAL RELATIONSHIP WITH HIM. IN AUGUST 2019, COOPER VERBALLY THREATENED ME WITH HARM BECAUSE I HAD CUT OFF THE RELATIONSHIP AND REFUSED TO MEET HIM AT A HOTEL. ALSO IN AUGUST 2019, COOPER STALKED ME NUMEROUS TIMES WHILE I WAS NOT AT WORK. LATER IN AUGUST 2019, COOPER STARTED REDUCING MY WORK HOURS AND EVENTUALLY TOOK ME OFF THE SCHEDULE. I HAVE NOT WORKED FOR THE RESPONDENT SINCE SEPTEMBER 28, 2019.

I BELIEVE I WAS RETALIATED AND DISCRIMINATED AGAINST IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Shonterria Hoye on 10-30-2019 10:01 AM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161-B (11/16)                 U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Shonterria S. Hoye<br>Post Office Box 155<br>Metcalfe, MS 38760 | From: Jackson Area Office<br>Dr. A. H. McCoy Federal Building<br>100 West Capitol Street, Suite 338<br>Jackson, MS 39269 |
|---|---|

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 423-2020-00131 | Joycelyn C. Humes,<br>Investigator | (769) 487-6915 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Eszean McDuffey**
Digitally signed by Eszean McDuffey
DN: cn=Eszean McDuffey, o=U. S. Equal
Employment Opportunity Commission,
ou=Director - Jackson Area Office,
email=eszean.mcduffey@eeoc.gov, c=US
Date: 2020.05.13 12:30:56 -05'00'

**Eszean S. McDuffey,
Director**

05-12-2020

*(Date Mailed)*

Enclosures(s)

cc: Angelle Hollier          Greg Guidry
    Director of Administration  Attorney at Law
    LOFTON SECURITY        325 Settlers Trace Blvd.
    208 Roto Park Drive       Lafayette, LA 70508
    Broussard, LA 70518


EXHIBIT
B

Case: 25CI1.20-cv-00451-AHW    Document #: 2-1    Filed: 07/23/2020    Page 1 of 2

## COVER SHEET
### Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 1/1/2001)

| Court Identification | | |
|---|---|---|
| Docket Number | Case Year | Docket Number |
| 25 / 1 CI | 2 0 2 0 | 1 4 5 1 |

County #  Judicial  Court ID
District  (CH, CI, CO)

Local Docket ID

| Month | Date | Year |
|---|---|---|
| 0 7 | 2 3 | 2 0 |

This area to be completed by clerk

Case Number if filed prior to 1/1/94

IN THE __CIRCUIT__ COURT OF __HINDS__ COUNTY

Short Style of Case: Shonterra Hove v. Lofton Security Service, Inc.

Party Filing Initial Pleading: Type/Print Name __Louis H. Watson, Jr.__    MS Bar No. __9053__

____Check (✓) if Not an Attorney    ____Check (✓) if *Pro Hac Vice*    Signature _Louis H. Watson_

Compensatory Damages Sought: $ _____    Punitive Damages Sought: $ _____

***Is Child Support contemplated as an issue in this suit?*** ____Yes ____No    If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual __Hove__ ___Shonterra___ ( _____ ) _____ _____
          Last Name        First Name       Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

Address of Plaintiff __Washington County, Mississippi__

____Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____

Business _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

____Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A: _____

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual _____ _____ ( _____ ) _____ _____
          Last Name        First Name       Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

____Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____

Business __Lofton Security Service, Inc.__
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

____Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
D/B/A: _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar No. ____ or    Name: _____    *Pro Hac Vice* (✓) ____
          (If known)

*In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.*

**Business/Commercial**
- Accounting (Business)
- Bankruptcy
- Business Dissolution - Corporation
- Business Dissolution - Partnership
- Debt Collection
- Employment
- Examination of Debtor
- Execution
- Foreign Judgment
- Garnishment
- Pension
- Receivership
- Replevin
- Stockholder Suit
- Other _____

**Domestic Relations**
- Child Custody/Visitation
- Child Support
- Contempt
- Divorce: Fault
- Divorce: Irreconcilable Differences
- Domestic Abuse
- Emancipation
- Modification
- Paternity
- Property Division
- Separate Maintenance
- Termination of Parental Rights
- UIFSA (formerly URESA)
- Other _____

**Contract**
- Breach of Contract
- Installment Contract
- Insurance
- Product Liability under Contract
- Specific Performance
- Other _____

**Probate**
- Accounting (Probate)
- Birth Certificate Correction
- Commitment
- Conservatorship
- Guardianship
- Heirship
- Intestate Estate
- Minor's Settlement
- Muniment of Title
- Name Change
- Power of Attorney
- Testate Estate
- Will Contest
- Other _____

**Statutes/Rules**
- Bond Validation
- Civil Forfeiture
- Declaratory Judgment
- ERISA
- Eminent Domain
- Extraordinary Writ
- Federal Statutes
- Injunction or Restraining Order
- Municipal Annexation
- Racketeering (RICO)
- Railroad
- Seaman
- Other _____

**Appeals**
- Administrative Agency
- County Court
- Hardship Petition (Driver License)
- Justice Court
- MS Employmt Security Comm'n
- Municipal Court
- Oil & Gas Board
- Workers' Compensation
- Other _____

**Children and Minors - Non-Domestic**
- Adoption - Noncontested
- Consent to Abortion for Minor
- Removal of Minority
- Other _____

**Torts-Personal Injury**
- Bad Faith
- Fraud
- Loss of Consortium
- Malpractice - Legal
- Malpractice - Medical
- Negligence - General
- Negligence - Motor Vehicle
- Products Liability
- Wrongful Death
- Other __Tortious Interference__

**Mass Tort**
- Asbestos
- Chemical Spill
- Dioxin
- Hand/Arm Vibration
- Hearing Loss
- Radioactive Materials
- Other _____

**Real Property**
- Adverse Possession
- Ejectment
- Eminent Domain
- Judicial Foreclosure
- Lien Assertion
- Partition
- Receiver Appointment
- Tax Sale: Confirmation/Cancellation
- Title, Boundary &/or Easement
- Other _____

**Civil Rights**
- Elections
- Habeas Corpus
- Post Conviction Relief
- Prisoner
- ✓ ✓ Other __Title VII and Retaliation__

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**SHONTERRA HOYE**                                                                 **PLAINTIFF**

**v.**                                                       CASE NO.: 20-451

**LOFTON SECURITY SERVICE, INC.**                                  **DEFENDANT**

### SUMMONS

TO:    **Lofton Security Service, Inc.**
       Registered Agent: Perry Earnest
       6508 Dogwood View Pkwy, Suite B
       Jackson, MS 39213

### NOTICE TO DEFENDANTS

**The Complaint which is attached to this summons is important and you must take
immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the
Complaint to Watson & Norris, PLLC, 1880 Lakeland Drive, Suite G, Jackson, Mississippi
39216, the attorney for the Plaintiff.  Your response must be mailed or delivered within
thirty (30) days from the date of delivery of this Summons and Complaint or a judgment
by default will be entered against you for the money or other things demanded in the
Complaint.

You must also file the original of your response with the Clerk of this Court within
a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the __23__ day of __July__

2020.

Honorable Zack Wallace
Circuit Clerk of Hinds County, MS

By: _____
       Deputy Clerk

ZACK WALLACE, CIRCUIT CLERK
HINDS COUNTY, FIRST DISTRICT
P. O. BOX 327
JACKSON, MS 39205

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

SHONTERRA HOYE                                                    PLAINTIFF

V.                                               CASE NO.: 1:20-CV-451-AHW

LOFTON SECURITY SERVICE, INC.                                    DEFENDANT

## NOTICE OF APPEARANCE

**COMES NOW**, Nick Norris, WATSON & NORRIS, PLLC, 1880 Lakeland Drive, Suite G, Jackson, MS 39216, (601) 968-0000, and gives notice of his appearance as counsel for Plaintiff.

THIS, the 24th day of July 2020.

Respectfully submitted,

/s Nick Norris.
NICK NORRIS (MSB#101574)
Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Phone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, on all counsel of record.

THIS, the 24th day of July 2020.

/s/Nick Norris
NICK NORRIS

Case 3:20-cv-00615-CWR-FKB     Document 6     Filed 10/02/20     Page 21 of 42

Case: 25CI1:20-cv-00451-AHW     Document #: 5     Filed: 09/01/2020     Page 1 of 2
Case: 25CI1:20-cv-00451-AHW     Document #: 3     Filed: 07/23/2020     Page 1 of 1

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

SHONTERRA HOYE                                                    **PLAINTIFF**

v.                                                    CASE NO.: 20-451

LOFTON SECURITY SERVICE, INC.                                   **DEFENDANT**

### SUMMONS

TO:  **Lofton Security Service, Inc.**
     Registered Agent: Perry Earnest
     6508 Dogwood View Pkwy, Suite B
     Jackson, MS 39213

### NOTICE TO DEFENDANTS

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Watson & Norris, PLLC, 1880 Lakeland Drive, Suite G, Jackson, Mississippi 39216, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the 23 day of July 2020.

Honorable Zack Wallace
Circuit Clerk of Hinds County, MS

By: _____
     Deputy Clerk

ZACK WALLACE, CIRCUIT CLERK
HINDS COUNTY, FIRST DISTRICT
P. O. BOX 327
JACKSON, MS 39205

## RETURN OF PROCESS SERVER

**STATE OF MISSISSIPPI**

**COUNTY OF** Hinds

( X ) I personally delivered copies of the summons on the 21ˢᵗ day of August, 20 20, to: Tonya Thomas who is designated by law to accept service of process on behalf of Piercy Ernest - Softer Security, Cler.

( ) After exercising reasonable diligence I was unable to deliver copies of the summons to _____ within _____ County, _____. I served the summons on the _____ day of _____, 20_____, at the usual place of abode of said _____ _____ by leaving a true copy of the summons with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served, above the age of sixteen years and, unwilling to receive the summons, and thereafter on the _____ day of _____, 20_____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

( ) I was unable to serve the summons. This the 1ˢᵗ day of September, 2020.

MaryAnn Learma
PROCESS SERVER

RETURN TO:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS  39216-4972

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

FIRST JUDICIAL DISTRICT

CASE NO. 20-451

SHONTERRA HOYE

VERSUS

LOFTON SECURITY SERVICE, INC.;

**NOTICE TO THE COURT AND ALL PARTIES OF REMOVAL**

TO:   Zack Wallace
      Circuit Clerk
      Circuit Court of Hinds County
      P. O. Box 327
      Jackson, MS 39205

PLEASE TAKE NOTICE that Defendant Lofton Security Service, Inc. (hereinafter "Defendant") has removed the above-captioned and entitled action to the United States District Court for the Southern District of Mississippi, Jackson Division, pursuant to 28 U.S.C. §§ 1441 and 1331.  A copy of the Notice of Removal filed by Defendant is attached hereto as Exhibit 1.

WHEREFORE, Defendant notifies the Court and all parties that this cause is removed, and hereafter this Court lacks jurisdiction over and may proceed no further in this action unless and until it is remanded by the United States District Court for the Southern District of Mississippi.

Respectfully submitted,

Hal D. Ungar, MS Bar No. 102743
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
701 Poydras St., Suite 3500
New Orleans, Louisiana 70139
Telephone: (504) 648-3840
Facsimile: (504) 648-3859
hal.ungar@ogletreedeakins.com

*Attorneys for Lofton Security Service, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served on counsel for Plaintiff Alton Brown by facsimile and/or by placing a copy of same in the United States First-Class mail, postage prepaid and properly addressed as follows:

Louis H. Watson, Jr.
Nick Norris
WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: 601-968-0000
Facsimile: 601-968-0010
Email: louis@watsonnorris.com
       nick@watsonnorris.com
Attorneys for Plaintiff, Shonterra Hoye

This 18th day of September, 2020.

HAL D. UNGAR

44248945.1

Case 3:20-cv-00615-CWR-FKB    Document 6    Filed 10/02/20    Page 25 of 42
Case 3:20-cv-00615-CWR-FKB    Document 1    Filed 09/18/20    Page 1 of 4
Case: 25CI1:20-cv-00451-AHW    Document #: 6-1    Filed: 09/18/2020    Page 1 of 18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHONTERRA HOYE      )
             )
             ) CIVIL ACTION NO: 3:20-cv-615-CWR-FKB
versus          )
             )
LOFTON SECURITY SERVICE, INC. )
             )

## **NOTICE OF REMOVAL**

NOW COMES Defendant, Lofton Security Service, Inc. (hereinafter "Lofton" or "Defendant"), through undersigned counsel, who, fully reserving its rights to raise all defenses and objections which may be applicable, including but not limited to those stated in Fed. R. Civ. P. 12, hereby files this Notice of Removal of the above-captioned proceeding from the Circuit Court of Hinds County, First Judicial District, State of Mississippi, to the United States District Court for the Southern District of Mississippi, Jackson Division. In support thereof, Lofton respectfully represents as follows:

### **Removal Jurisdiction**

1.

Removal is proper in any civil action "of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Lofton premises its removal on this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**EXHIBIT 1**

Case 3:20-cv-00615-CWR-FKB    Document 6    Filed 10/02/20    Page 26 of 42
Case 3:20-cv-00615-CWR-FKB    Document 1    Filed 09/18/20    Page 2 of 4
Case: 25CI1:20-cv-00451-AHW    Document #: 6-1    Filed: 09/18/2020    Page 2 of 18

2.

This Notice of Removal is filed within 30 days of receipt of the initial pleading through service of a copy of the Summons and Complaint on its registered agent for service of process, on August 21, 2020.

3.

Venue is proper in the United States District Court for the Southern District of Mississippi, Jackson Division, because the Circuit Court of Hinds County, First Judicial District, State of Mississippi, is located within the geographical boundaries of this Court.

**Statement of Facts**

4.

On or about July 23, 2020, Plaintiff, Shonterra Hoye (hereinafter "Hoye" or "Plaintiff"), filed Plaintiff's Complaint (hereafter "Complaint") against Lofton. The suit is captioned *Shonterra Hoye v. Lofton Security Service, Inc.*, and bears Case No. 20-451 in the Circuit Court of Hinds County, First Judicial District, State of Mississippi. In accordance with 28 U.S.C. § 1446(a), a copy of the Citation, Complaint, and all documents that were served upon Lofton is attached hereto as Exhibit A *in globo*.

5.

As set forth in the Complaint, Plaintiff was employed by Lofton. (Exh. A, ¶6). Plaintiff alleges in the Complaint that she was subject to discrimination and harassment based upon her race and sex and also subject to retaliation for reporting the same, and she alleges a violation of Title VII of the 1964 Civil Rights Act, 42 USC 2000e *et seq.* (Exh. A, ¶¶ 7, 107-115). Plaintiff claims that Lofton is liable to Plaintiff for back and front pay, compensatory damages, punitive

Case 3:20-cv-00615-CWR-FKB   Document 6   Filed 10/02/20   Page 27 of 42
Case 3:20-cv-00615-CWR-FKB   Document 1   Filed 09/18/20   Page 3 of 4
Case: 25CI1:20-cv-00451-AHW   Document #: 6-1   Filed: 09/18/2020   Page 3 of 18

damages, lost benefits, pre and post judgment interest, costs and attorney's fees pursuant to Title VII. (Exh. A, "Prayer for Relief").

### **Federal Question Jurisdiction.**

6.

Under 28 U.S.C. § 1331, federal courts have jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." Under the "well-pleaded complaint" rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. *Bernhard v. Whitney Nat'l Bank*, 522 F.3d 546 (5th Cir. 2008).

7.

Plaintiff's Complaint asserts claims under Title VII of the 1964 Civil Rights Act, 42 USC 2000e *et seq.* against Lofton for alleged retaliation. (Exhibit A, ¶¶ 107-115).

### **Conclusion**

WHEREFORE, having properly established the propriety of removal based on federal question jurisdiction, Defendant, Lofton Security Service, Inc., respectfully removes the above-captioned action to this Court.

Respectfully submitted,

*/s/ Hal D. Ungar*
Hal D. Ungar, MS Bar 102743
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone:  504.648.3840
Facsimile:  504.648.3859
hal.ungar@ogletreedeakins.com

*Attorneys for Lofton Security Service, Inc.*

Case 3:20-cv-00615-CWR-FKB    Document 6    Filed 10/02/20    Page 28 of 42
Case 3:20-cv-00615-CWR-FKB    Document 1    Filed 09/18/20    Page 4 of 4
Case: 25CI1:20-cv-00451-AHW    Document #: 6-1    Filed: 09/18/2020    Page 4 of 18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing NOTICE OF REMOVAL has been served on

all counsel of record via the Court's Electronic Filing System.

This 18th day of September, 2020.

*/s/ Hal D. Ungar*     
HAL D. UNGAR

44248644.1

Case 3:20-cv-00615-CWR-FKB    Document 6    Filed 10/02/20    Page 29 of 42
Case 3:20-cv-00615-CWR-FKB    Document 1-1    Filed 09/18/20    Page 1 of 13
Case: 25CI1:20-cv-00451-AHW    Document #: 6-1    Filed: 09/18/2020    Page 5 of 18
Case: 25CI1:20-cv-00451-AHW    Document #: 3    Filed: 07/23/2020    Page 1 of 1

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

SHONTERRA HOYE                                                    **PLAINTIFF**

v.                                                    CASE NO.: 20-451

LOFTON SECURITY SERVICE, INC.                                    **DEFENDANT**

### SUMMONS

TO:  **Lofton Security Service, Inc.**
Registered Agent: Perry Earnest
6508 Dogwood View Pkwy, Suite B
Jackson, MS 39213

### NOTICE TO DEFENDANTS

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Watson & Norris, PLLC, 1880 Lakeland Drive, Suite G, Jackson, Mississippi 39216, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the 23 day of July 2020.

Honorable Zack Wallace
Circuit Clerk of Hinds County, MS

By: _____
Deputy Clerk

ZACK WALLACE, CIRCUIT CLERK
HINDS COUNTY, FIRST DISTRICT
P. O. BOX 327
JACKSON, MS 39205

**EXHIBIT A**

Case 3:20-cv-00615-CWR-FKB    Document 6    Filed 10/02/20    Page 30 of 42
Case 3:20-cv-00615-CWR-FKB    Document 1-1    Filed 09/18/20    Page 2 of 13
Case: 25CI1:20-cv-00451-AHW    Document #: 6-1    Filed: 09/18/2020    Page 6 of 18
Case: 25CI1:20-cv-00451-AHW    Document #: 2    Filed: 07/23/2020    Page 1 of 13

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

SHONTERRA HOYE

**PLAINTIFF**

V.

CASE NO.: 20-451

LOFTON SECURITY SERVICE, INC.

**DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Shonterra Hoye, by and through her counsel, Watson & Norris, PLLC, and files this action to recover damages for a violation of her rights under Title VII for sex discrimination and retaliation. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1.    Plaintiff, Shonterra Hoye, is an adult female citizen of Washington County, Mississippi.

2.    Defendant, Lofton Security Service, Inc., is a Louisiana Corporation doing business in the State of Mississippi that may be served with process by serving its registered agent: Perry Earnest, 6508 Dogwood View Pkwy, Suite B, Jackson, MS 39213.

### JURISDICTION AND VENUE

3.    This court has concurrent subject matter jurisdiction for a cause of action arising under Title VII of the Civil Rights Act of 1964, and venue is proper in this Court under the general venue provisions of Title VII.

4.    Plaintiff timely filed a Charge of Discrimination with the EEOC on October 30, 2019, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on May 12, 2020, a true and correct copy of which is attached

1

Case 3:20-cv-00615-CWR-FKB    Document 6    Filed 10/02/20    Page 31 of 42
Case 3:20-cv-00615-CWR-FKB    Document 1-1    Filed 09/18/20    Page 3 of 13
Case: 25CI1:20-cv-00451-AHW    Document #: 6-1    Filed: 09/18/2020    Page 7 of 18
Case: 25CI1:20-cv-00451-AHW    Document #: 2    Filed: 07/23/2020    Page 2 of 13

as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF THE FACTS

5.    Plaintiff is a 31-year old female resident of Washington County, Mississippi.

6.    Plaintiff was hired by the Defendant as a Security Officer on April 30, 2019.

7.    In July 2019, Plaintiff's Supervisor, Willie Cooper, began sexually harassing her.

8.    Mr. Cooper offered Plaintiff money to help pay her bills if she would have sex with him.

9.    At the end of July 2019, Plaintiff relented to his sexual advances because he was her Supervisor, had direct control over the terms and conditions of her employment, and engaged in a consensual relationship with Mr. Cooper.

10.    Plaintiff felt pressured to participate with the relationship because Cooper was her Supervisor, and she worried that if she did not go along with it, she would lose her job.

11.    Eventually, though, Plaintiff, decided she could not continue it anymore.

12.    In the beginning of August 2019, Plaintiff broke off her relationship with Mr. Cooper.

13.    Mr. Cooper began to retaliate against Plaintiff by making verbal threats and by cutting her hours (i.e., Cooper managed Hoye's work schedule).

14.    Mr. Cooper immediately began calling Plaintiff and leaving angry messages when she would not respond to his calls.

2

Case 3:20-cv-00615-CWR-FKB   Document 6   Filed 10/02/20   Page 32 of 42
Case 3:20-cv-00615-CWR-FKB   Document 1-1   Filed 09/18/20   Page 4 of 13
Case: 25CI1:20-cv-00451-AHW   Document #: 6-1   Filed: 09/18/2020   Page 8 of 18
Case: 25CI1:20-cv-00451-AHW   Document #: 2   Filed: 07/23/2020   Page 3 of 13

15.    Mr. Cooper often cursed and expressed angry threatening statements in these messages.

16.    Plaintiff complained of the ongoing sexual harassment to Alton Brown, Mr. Cooper's Supervisor.

17.    Mr. Brown reported the situation to Branch Manager Derick Weeks and Operations Manager Matt Bailey.

18.    At that point, Mr. Weeks responded to Mr. Brown that they should do nothing about it and "maybe Hoye will quit."

19.    Brown protested that this was not the appropriate way to handle the situation, but his superiors refused to address it.

20.    Around the second week of August 2019, Mr. Cooper called Plaintiff's aunt, Ms. Wanda Jackson, and threatened to call the Department of Human Services and have Plaintiff's children taken from her if she did not respond to his calls.

21.    Plaintiff continued to inform Mr. Brown about these actions and Mr. Brown informed Mr. Weeks and Mr. Bailey, yet they continued to simply tell Mr. Brown to "let her quit."

22.    Then around August 17, 2019, Plaintiff contacted Mr. Brown and complained to him that Mr. Cooper would not stop sexually harassing her and that he was still cutting her work hours.

23.    Mr. Brown stated told Plaintiff that if she wanted something to be done about the situation, she needed to write a statement and turn it in to management.

24.    Plaintiff agreed to write a statement and she subsequently submitted an Incident Report about Mr. Cooper on August 18, 2019 to the Defendant's Jackson office.

3

Case 3:20-cv-00615-CWR-FKB    Document 6    Filed 10/02/20    Page 33 of 42
Case 3:20-cv-00615-CWR-FKB    Document 1-1    Filed 09/18/20    Page 5 of 13
Case: 25CI1:20-cv-00451-AHW    Document #: 6-1    Filed: 09/18/2020    Page 9 of 18
Case: 25CI1:20-cv-00451-AHW    Document #: 2    Filed: 07/23/2020    Page 4 of 13

25.    After Plaintiff wrote the statement, Mr. Weeks and Mr. Bailey began discussing the possibility of terminating Mr. Cooper.

26.    Conversations about this were overheard by both Mr. Brown and Secretary/Recruiter, Felicia Douglas.

27.    According to the Defendant's Position Statement, submitted to the EEOC months later (i.e., 11-20-19), Mr. Weeks and Mr. Bailey subsequently presented a Final Written Report on August 23, 2019.

28.    Plaintiff, nor Mr. Brown, were ever shown or even aware of the existence of this Final Written Report, allegedly presented by Mr. Weeks and Mr. Bailey to Mr. Cooper on August 23, 2019.

29.    Given the fact that Mr. Brown was Mr. Cooper's Supervisor, as well as the fact that between July and September, Mr. Brown repeatedly addressed the issue of Plaintiff's sexual harassment complaint against Mr. Cooper with Mr. Weeks and Mr. Bailey, the question of whether this report was ever actually presented to Mr. Cooper appears very dubious and suspicious.

30.    In any event, whether this document was presented to Mr. Cooper or not, around that time Mr. Weeks and Mr. Bailey prohibited Mr. Cooper from going to Plaintiff's worksite or having any contact with Plaintiff from that point forward.

31.    On September 14, 2019, Mr. Brown, Mr. Cooper, Mr. Bailey, and Mr. Weeks were all at the Defendant's Jackson office.

32.    Mr. Bailey informed Mr. Brown that they were about to terminate Mr. Cooper and invited Mr. Brown to come to the meeting.

33.    Mr. Brown went into the room and sat down.

4

Case 3:20-cv-00615-CWR-FKB   Document 6   Filed 10/02/20   Page 34 of 42
Case 3:20-cv-00615-CWR-FKB   Document 1-1   Filed 09/18/20   Page 6 of 13
Case: 25CI1:20-cv-00451-AHW   Document #: 6-1   Filed: 09/18/2020   Page 10 of 18
Case: 25CI1:20-cv-00451-AHW   Document #: 2   Filed: 07/23/2020   Page 5 of 13

34.   Before anyone else could speak, Mr. Cooper stated, "Are you all about to terminate me?"

35.   However, Mr. Weeks and Mr. Bailey did not terminate Cooper.

36.   Instead, they began to explain that Mr. Cooper needed to "brush up" on some things, none of which had anything to do with the sexual harassment complaint.

37.   The next day, September 15, 2019, Mr. Cooper told Mr. Brown that he was going to Baton Rouge to speak with Corporate Director of Security Services, John Jay Babin.

38.   Mr. Cooper further implied to Mr. Brown that he would prevent Mr. Weeks and Mr. Bailey from terminating him by "flipping the script" on them, i.e., apparently he planned to provide some information to Mr. Babin about Mr. Weeks and Mr. Bailey that secured his own position and gave him leverage over them.

39.   Around the middle of September 2019, Mr. Weeks contacted Plaintiff to discuss her complaint of sexual harassment.

40.   Although Mr. Brown had relayed Plaintiff's complaint first on July 20, 2019, Plaintiff's written statement was provided on August 18, 2019, and Mr. Cooper was allegedly written up on August 23, 2019.

41.   This was the first time Mr. Weeks had directly contacted Plaintiff about the situation.

42.   At that time, Mr. Weeks told Plaintiff that the corporate office was investigating the situation and that she would be contacted about it soon.

43.   However, Plaintiff never heard anything more about an investigation.

44.   Around that same time, Mr. Weeks and Mr. Bailey informed Mr. Brown that

Case 3:20-cv-00615-CWR-FKB    Document 6    Filed 10/02/20    Page 35 of 42
Case 3:20-cv-00615-CWR-FKB    Document 1-1    Filed 09/18/20    Page 7 of 13
Case: 25CI1:20-cv-00451-AHW    Document #: 6-1    Filed: 09/18/2020    Page 11 of 18
Case: 25CI1:20-cv-00451-AHW    Document #: 2    Filed: 07/23/2020    Page 6 of 13

it was his responsibility to keep Mr. Cooper and Plaintiff separated.

45.    Mr. Brown protested but then determined to handle the situation as best he could.

46.    Around September 25, 2019, Plaintiff phoned Mr. Brown and notified him that Mr. Cooper had shown up at her job site (i.e., a direct violation of the prohibition given to Mr. Cooper by Mr. Weeks and Mr. Bailey).

47.    Plaintiff was working at a Double-Quick Mart in Greenville (i.e., with a Krystal restaurant in it).

48.    Mr. Brown happened to be nearby when Plaintiff called, and he arrived in time to see Mr. Cooper with Plaintiff.

49.    Plaintiff stated that Mr. Cooper was trying to get her to take a picture with him.

50.    Mr. Brown confronted Mr. Cooper about his presence there.

51.    Mr. Cooper was defiant and even became somewhat aggressive in response to Mr. Brown's confrontation.

52.    The very next day, back at the Defendant's office in Jackson, Mr. Brown informed Mr. Weeks and Mr. Bailey about Mr. Cooper's presence at Plaintiff's worksite.

53.    Mr. Weeks and Mr. Bailey told Mr. Brown to "leave it alone."

54.    Several days later, Krystal's Manager at the Double-Quick Mart in Greenville, called Mr. Brown to inform him that Mr. Cooper had been calling her in recent days, asking questions about Plaintiff.

55.    Mr. Cooper questioned if Plaintiff was reporting to work on time as though he was trying to get her in trouble.

6

Case 3:20-cv-00615-CWR-FKB    Document 6    Filed 10/02/20    Page 36 of 42
Case 3:20-cv-00615-CWR-FKB    Document 1-1    Filed 09/18/20    Page 8 of 13
Case: 25CI1:20-cv-00451-AHW    Document #: 6-1    Filed: 09/18/2020    Page 12 of 18
Case: 25CI1:20-cv-00451-AHW    Document #: 2    Filed: 07/23/2020    Page 7 of 13

56.    Although Mr. Cooper had functioned as Plaintiff's supervisor at times in the past, by this point Mr. Weeks and Mr. Bailey had made it clear to Mr. Cooper that he was not to have any contact with Plaintiff, so this was clearly not appropriate behavior and a clear violation of their directive to him.

57.    Moreover, it demonstrates that Mr. Cooper was looking for ways to retaliate against Plaintiff.

58.    Also, at some point in late September, Mr. Cooper was at the Defendant's Jackson office along with Mr. Brown and Ms. Douglas.

59.    Mr. Cooper wrote out three false callout forms for Plaintiff, with the intention of terminating her.

60.    Ms. Douglas stopped Mr. Cooper, however, and noted that he could not do this because Plaintiff was not even scheduled to work on those days.

61.    Both Mr. Brown and Ms. Douglas witnessed this overt effort by Mr. Cooper to falsify documentation for the purpose of terminating Plaintiff, i.e., retaliation for her report of sexual harassment against him.

61.    Mr. Brown reported this to Mr. Weeks and Mr. Bailey, once again, Mr. Weeks and Mr. Bailey told Mr. Brown to leave it alone and to "let Hoye quit."

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII –SEXUAL HARASSMENT – QUID PRO QUO AND/OR SEXUALLY HOSTILE WORK ENVIRONMENT

62.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 61 above as if fully incorporated herein.

7

Case 3:20-cv-00615-CWR-FKB   Document 6   Filed 10/02/20   Page 37 of 42
Case 3:20-cv-00615-CWR-FKB   Document 1-1   Filed 09/18/20   Page 9 of 13
Case: 25CI1:20-cv-00451-AHW   Document #: 6-1   Filed: 09/18/2020   Page 13 of 18
Case: 25CI1:20-cv-00451-AHW   Document #: 2   Filed: 07/23/2020   Page 8 of 13

63.   The Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff based on her sex, female, by refusing to take any disciplinary actions to correct Mr. Cooper's behavior towards Plaintiff and allowing Cooper to sexually harass Plaintiff and create a sexually hostile work environment for Plaintiff.

64.   The Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff based on her sex, female, for allowing Mr. Cooper to cut Plaintiff's hours from 40 hours a week to removing her from the schedule all together.

65.   The Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff based on her sex, female, by allowing Mr. Cooper to threaten Plaintiff verbally and stalk Plaintiff at her job at the Double Quick Mart in Greenville, Mississippi.

66.   As a result of Defendant's discriminatory conduct, Plaintiff has suffered serious damages, including mental anguish and other emotional pain and suffering, and general and special damages for lost compensation and job benefits.

### COUNT II: VIOLATION OF TITLE VII - RETALIATION

67.   Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 66 above as if fully incorporated herein.

68.   The Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 for engaging in protected activity by submitting a written complaint against Mr. Cooper for sexual harassment.

69.   The Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 by removing Plaintiff from the work schedule for engaging in protected activity by submitting a written complaint against Mr. Cooper for sexual harassment

8

Case 3:20-cv-00615-CWR-FKB   Document 6    Filed 10/02/20   Page 38 of 42
Case 3:20-cv-00615-CWR-FKB   Document 1-1   Filed 09/18/20   Page 10 of 13
Case: 25CI1:20-cv-00451-AHW   Document #: 6-1    Filed: 09/18/2020   Page 14 of 18
Case: 25CI1:20-cv-00451-AHW   Document #: 2    Filed: 07/23/2020   Page 9 of 13

70.     The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964 and entitle Plaintiff to the recovery of damages.

71.     As a result of Defendant's retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, and inconvenience and mental anguish.

72.     As a result of Defendant's discriminatory conduct, Plaintiff has suffered serious damages, including mental anguish and other emotional pain and suffering, and general and special damages for lost compensation and job benefits.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.     Back pay and reinstatement or front pay in lieu of reinstatement;
2.     Tax gross-up with all make-whole relief;
3.     Compensatory damages;
4.     Punitive damages;
5.     Lost benefits;
6.     Pre-judgment and post-judgment interest;
7.     Attorney's fees;
8.     Costs and expenses; and
9.     Any other relief to which she may be properly entitled.

THIS the 22nd day of July 2020.

Respectfully submitted,

SHONTERRA HOYE, PLAINTIFF

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

9

Case 3:20-cv-00615-CWR-FKB     Document 6     Filed 10/02/20     Page 39 of 42
Case 3:20-cv-00615-CWR-FKB     Document 1-1     Filed 09/18/20     Page 11 of 13
Case: 25CI1:20-cv-00451-AHW     Document #: 6-1     Filed: 09/18/2020     Page 15 of 18
Case: 25CI1:20-cv-00451-AHW     Document #: 2     Filed: 07/23/2020     Page 10 of 13

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
          nick@watsonnorris.com

Case 3:20-cv-00615-CWR-FKB    Document 6    Filed 10/02/20    Page 40 of 42
Case 3:20-cv-00615-CWR-FKB    Document 1-1    Filed 09/18/20    Page 12 of 13
Case: 25CI1:20-cv-00451-AHW    Document #: 6-1    Filed: 09/18/2020    Page 16 of 18
EEOC Form 5 (Case: 25CI1:20-cv-00451-AHW    Document #: 2    Filed: 07/23/2020    Page 11 of 13

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 423-2020-00131 |

null — and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MS. SHONTERRIA S HOYE | (662) 873-1607 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 113 PHILLIP STREET, METCALFE, MS 38760 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| LOFTON SECURITY SERVICES | 201 - 500 | (769) 243-8435 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6508 DOGWOOD VIEW PARKWAY B, JACKSON, MS 39213 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 07-01-2019 | 09-28-2019 |

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I HAVE WORKED FOR THE RESPONDENT AS A SECURITY OFFICER SINCE APRIL 30, 2019. IN JULY 2019, WILLIE COOPER (SUPERVISOR) BEGAN SEXUALLY HARASSING ME WHILE MAKING COMMENTS AND OFFERING MONEY TO HELP PAY MY PERSONAL BILLS. LATER IN JULY 2019, I ENGAGED IN A CONSENSUAL RELATIONSHIP WITH COOPER AND WHEN I DISCONTINUED THE RELATIONSHIP IN AUGUST 2019, HE BEGAN MAKING VERBAL THREATS AND REDUCED MY WORK HOURS IN THE FOLLOWING MANNER; FROM 40 HOURS PER WEEK TO 28 HOURS PER WEEK TO 14 HOURS PER WEEK AND REMOVED FROM THE SCHEDULE ON SEPTEMBER 28, 2019. LATER IN AUGUST 2019, I BEGAN COMPLAINING OF SEXUAL HARASSMENT TO ALTON BROWN (SUPERVISOR). MR. BROWN INFORMED ME THAT HE HAD FORWARDED MY COMPLAINT TO DERICK WEEKS (BRANCH MANAGER) AND MATT BAILEY (OPERATIONS MANAGER). TO MY KNOWLEDGE, NO ACTION WAS TAKEN BY WEEKS AND BAILEY. I BELIEVE I WAS SEXUALLY HARASSED AND REMOVED FROM THE SCHEDULE BECAUSE I REBUFFED HIS SEXUAL ADVANCES.

IN JULY 2019, COOPER BEGAN SEXUALLY HARASSING ME BY ASKING ME IF I HAD A BOYFRIEND AND IF I WOULD HAVE SEX WITH HIM. WHEN COOPER TOLD ME HE WOULD TAKE CARE OF ME AND BEGAN GIVING

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Shonterria Hoye on 10-30-2019 10:01 AM EDT | SUBSCRIBED AND SWORN TO BEFORE ME TH(month, day, year) |

EXHIBIT
A

Case 3:20-cv-00615-CWR-FKB    Document 6    Filed 10/02/20    Page 41 of 42
Case 3:20-cv-00615-CWR-FKB    Document 1-1    Filed 09/18/20    Page 13 of 13
Case: 25CI1:20-cv-00451-AHW    Document #: 6-1    Filed: 09/18/2020    Page 17 of 18
Case: 25CI1:20-cv-00451-AHW    Document #: 1    Filed: 09/18/2020    Page 13 of 13

EEOC Form 161-B (11/16)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Shonterria S. Hoye
Post Office Box 155
Metcalfe, MS 38760

From: Jackson Area Office
Dr. A. H. McCoy Federal Building
100 West Capitol Street, Suite 338
Jackson, MS 39269

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 423-2020-00131 | Joycelyn C. Humes, Investigator | (769) 487-6915 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Eszean
McDuffey

Digitally signed by Eszean McDuffey
DN: cn=Eszean McDuffey, o=U. S. Equal
Employment Opportunity Commission,
ou=Director - Jackson Area Office,
email=eszean.mcduffey@eeoc.gov, c=US
Date: 2020.05.13 12:30:56 -05'00'

05-12-2020

Enclosures(s)

Eszean S. McDuffey,
Director

(Date Mailed)

cc:    Angelle Hollier
Director of Administration
LOFTON SECURITY
208 Roto Park Drive
Broussard, LA 70518

Greg Guidry
Attorney at Law
325 Settlers Trace Blvd.
Lafayette, LA 70508

EXHIBIT
B

Case 3:20-cv-00615-CWR-FKB    Document 6    Filed 10/02/20    Page 42 of 42
Case 3:20-cv-00615-CWR-FKB    Document 1-2    Filed 09/18/20    Page 1 of 1
Case: 25CI1:20-cv-00451-AHW    Document #: 6-1    Filed: 09/18/2020    Page 18 of 18

JS 44 (Rev. 09/19)     **CIVIL COVER SHEET**     3:20-cv-615-CWR-FKB

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SHONTERRA HOYE

## DEFENDANTS

LOFTON SECURITY SERVICE, INC.

**(b)** County of Residence of First Listed Plaintiff    **Hinds County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Louis H. Watson, Jr. / Nick Norris    (601)968-0000
Watson & Norris, PLLC
1880 Lakeland Drive, Suite G, Jackson, MS 39216

Attorneys *(If Known)*
Hal D. Ungar    (504) 648-3840
Ogletree Deakins Nash Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500, N.O., LA 70139

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❏ 1   U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ❏ 2   U.S. Government Defendant | ❏ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| ❏ 140 Negotiable Instrument |    Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' |    Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted |    Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
|    Student Loans | ❏ 340 Marine |    Injury Product | |    New Drug Application | ❏ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ❏ 345 Marine Product |    Liability | | ❏ 840 Trademark |    Corrupt Organizations |
| ❏ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
|    of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) |    (15 USC 1681 or 1692) |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending |    Act | ❏ 862 Black Lung (923) | ❏ 485 Telephone Consumer |
| ❏ 190 Other Contract |    Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) |    Protection Act |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal |    Property Damage |    Relations | ❏ 864 SSID Title XVI | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise |    Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 850 Securities/Commodities/ |
| | ❏ 362 Personal Injury - |    Product Liability | ❏ 751 Family and Medical | |    Exchange |
| |    Medical Malpractice | |    Leave Act | | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee |    Income Security Act |    or Defendant) | ❏ 895 Freedom of Information |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party |    Act |
| ❏ 240 Torts to Land | ❏ 443 Housing/ |    Sentence | |    26 USC 7609 | ❏ 896 Arbitration |
| ❏ 245 Tort Product Liability |    Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | |    Act/Review or Appeal of |
| |    Employment | **Other:** | ❏ 462 Naturalization Application | |    Agency Decision |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | ❏ 950 Constitutionality of |
| |    Other | ❏ 550 Civil Rights |    Actions | |    State Statutes |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ❏ 1 Original Proceeding | ☒ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from Another District *(specify)* | ❏ 6 Multidistrict Litigation - Transfer | ❏ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1441 of the Civil Rights Act of 1964
Brief description of cause:
Alleged violations of Title VII

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❏No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE    09/18/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Hal D. Ungar

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT   0538-4375603 _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____